**CALHIO CHEMICAL COMPANY, INC., Appellant, v. BOWERS, Tax Commissioner, Appellee.**

Board of Tax Appeals, Department of Taxation, State of Ohio.

No. 34158.   Decided August 26, 1957.

Peter S. Bedrossian, New York, for appellant.

William Saxbe, Atty. Genl., Chester Hummell, Asst. Atty. Genl., for appellee.

### OPINION

This cause and matter came on to be considered by the Board of Tax Appeals upon a notice filed herein under date of April 25, 1957, by

the appellant above named from a final order of the tax commissioner dated March 29, 1957, in and by which order the tax commissioner, acting upon an application for review and redetermination filed by appellant with respect to its personal property tax returns for the years 1954, 1955 and 1956, confirmed the increased assessments made by him against appellant for those years.

The cause was submitted to the Board of Tax Appeals upon the notice of appeal, the transcript supplied by the tax commissioner and the testimony and evidence presented at a hearing before the Board of Tax Appeals in Columbus, Ohio, on June 24, 1957.

Appellant, during the years in question, owned and operated a chemical fungicide factory at Perry, Lake County, Ohio, wherein was manufactured a fungicide known to the fruit-raising trade as "Captan."

For the years in question the appellant listed its manufacturing machinery and equipment for Ohio personal property taxation at a book value wherein an annual depreciation rate of 10% was used. Upon audit of the returns the tax commissioner disallowed the 10% depreciation rate and computed the true value of appellant's machinery and equipment on the basis of a 5% annual depreciation rate, the prima facie rate applicable to this kind of machinery and equipment by the tax commissioner in his directive on the subject of depreciation. The commissioner made this change in appellant's tax returns by virtue of the authority contained in §§5711.18 and 5711.21 R. C., the pertinent portions of which sections read as follows:

Sec. 5711.18 R. C.:

"* * *. In the case of personal property used in business, the book value thereof less book depreciation at such time shall be listed, and such depreciated book value shall be taken to be the true value of such property, unless the assessor finds that such depreciated book value is greater or less than the then true value of such property in money Claim for any deduction from * * * depreciated book value of personal property must be made in writing by the taxpayer at the time of making his return: * * *."

Sec. 5711.21 R. C.:

"In assessing taxable property the assessor shall be governed by the rules of assessment prescribed by §§5711.01 to 5711.41, inclusive, R. C. Wherever any taxable property is required to be assessed at its true value in money or at any percentage thereof, the assessor shall be guided by the statements contained in the taxpayer's return and such other rules and evidence as will enable the assessor to arrive at such true value * * *."

It is well settled that the tax commissioner must follow the provisions of §5711.18 R. C., and that for tax assessment purposes he must use the depreciated book value of personal property used in business as the true value thereof, unless, for good reason, he finds that the true value in money of the personal property involved is greater than said depreciated book value. But, once having properly discarded the depreciated book value, as he did in this case, then the tax commissioner in the first instance, and the Board of Tax Appeals, upon appeal, may

use any reasonable method of valuation to arrive at true value, giving effect to all pertinent factors having a bearing on said true value.

As we view the law, it is this; in a case where the depreciation formula used by the tax commissioner, as the assessor of personal property, is not unreasonable or unlawful on its face, and a taxpayer disagrees with the resulting value thus computed by the tax commissioner and appeals said valuation to the Board of Tax Appeals, said taxpayer cannot prevail before this board merely by attacking the tax commissioner's formula. If a taxpayer is to prevail in such a valuation case, he must bring in his own competent evidence to demonstrate to the Board of Tax Appeals just what is the true value in money of the property involved; because this is the issue before the Board of Tax Appeals. In other words, in a case of this kind, the burden lies upon the taxpayer to prove the value of his property. See **Higbee Co. v. Evatt, 140 Oh St 325, 23 O. O. 543.**

The only witness to appear in this case for appellant was its attorney, Peter S. Bedrossian, who has been an employee of appellant company for about ten years in the payroll, accounting and sales department, as assistant to the treasurer of the company and as tax manager, the position he now holds. This witness testified as to the production and sales of "Captan," and it was his belief that the product would be obsolete by 1959. He also testified as to the production costs of manufacturing "Captan," including raw materials, payroll, fuels, maintenance, etc., and it was his belief that it was the corrosive action of the chemicals on the machinery which caused the high maintenance figures. The exhibits which this witness offered into evidence to substantiate his testimony were excluded from evidence, upon objection, for the reason that said exhibits were summaries of figures allegedly taken off the company's books, but the books themselves were not produced in the hearing room for inspection by counsel for appellee. But, even if the exhibits had been admissible and were received into evidence, they would only indicate that appellant's product "Captan" was not selling as well as originally expected and that maintenance on the manufacturing machinery was high.

The main tenor of appellant's complaint is that its product "Captan" will be obsolete by 1959. But there is no competent evidence that appellant's machinery and equipment, the value of which is the subject matter of this appeal, will be obsolete by that time, nor is there any competent evidence in the record that the machinery and equipment is unsuitable for the production of other products, or that the corrosive action of chemicals will reduce the useful life of the machinery and equipment to ten years.

Upon a review of the record and the competent evidence therein contained this board is of the view that the taxpayer has not sustained the burden of proof. This board would be indulging in speculation and guesswork, if, upon the evidence before us, we were to change the value ascribed to the property of appellant by the tax commissioner.

It is therefore considered and ordered that the final order of the tax commissioner here under review be, and the same hereby is, affirmed.