**BRINEGAR, a Minor, Guardianship of, In re.**

Probate Court, Butler County.

No. 6676.   Decided June 15, 1959

William D. Schaeffer, Hamilton, for applicant.
Ralph A. Henderson, Hamilton, for Rev. Garvin.
John Moser, Asst. Prosecutor, for Welfare Department of Butler County, Ohio.

## OPINION

By WALSH, J.

On May 18, 1959, Geneva Frye filed an Application for the appointment of and as guardian of the person and estate of Edwin Glenn Brinegar, a minor age twelve (12), a resident of Hamilton, Ohio. The Application alleges that the name of the person having custody of said minor, is the Department of Public Welfare, Maple Avenue, Hamilton. Ohio, Warren Harding, Director, legal guardian. That the probable value of the personal property of the ward is Fifty ($50.00) Dollars, and there is no real property in said ward's estate.

Notice of hearing on Application for Appointment was served upon the said Edwin Glenn Brinegar, age twelve, and upon Reverend Lowell B. Garvin, custodian of said minor. The Department of Welfare was also served by handing a true copy thereof with the endorsements thereon to Warren Harding, Director, legal guardian of said minor.

Attorney Ralph Henderson, as next friend of the Court, and as counsel for Reverend Lowell B. Garvin, filed a Motion asking that the Application for Letters of Guardianship be dismissed, for the reason that there was a lack of appearance of the Applicant at the hearing, set for May 26, 1959, and further that this Probate Court has no jurisdiction in this matter inasmuch as the Juvenile Court of Butler County, Ohio, has already taken jurisdiction of Edwin Glenn Brinegar, a minor, age twelve, in Case No. 15277, in said Juvenile Court.

Upon hearing the Motion, it was agreed by counsel for Reverend Lowell B. Garvin and attorney for the Applicant Geneva Frye, that the Welfare Department of Butler County, Ohio, does have permanent cus-

tody of the minor, having received permanent custody by order of the Juvenile Court in Case No. 15277; that said Welfare Department did place the said Edwin Glenn Brinegar in the home and under the custody of the Reverend Lowell B. Garvin, and his wife Margorie Garvin.

Without going into the merits of the case, or hearing any testimony as to whether or not it would be for the best interest of the minor to have a guardian so appointed, the Court notified all counsel that it would be necessary to first determine whether or not the Probate Court could entertain jurisdiction to hear factual testimony on the Application.

It is conceded that the Applicant, Geneva Frye is the natural mother of Edwin Glenn Brinegar, minor, age twelve.

It is the understanding of this Court that when the Juvenile Court awarded the Welfare Department of Butler County, Ohio, permanent custody of Edwin Glenn Brinegar, the mother was then relieved of all parental rights and parental responsibilities. Since such order of the Juvenile Court is still in full force and effect, the applicant herein, although the natural mother, stands in the shoes of an utter stranger and is asking the Probate Court, to be appointed guardian of the person of said minor, when the Juvenile Court has entertained original and continuing jurisdiction therein.

In the case of **Hoffman v. Hoffman, 15 Oh St 427**, the Court in its Syllabus states:

"1. Where a court of common pleas, on rendering a decree the custody, care, and control' of the minor children of the marriage to one of the parties, a probate court, while such decree remains in force, cannot, as between the parties to the decree, legally interfere with the custody so decreed, either by habeas corpus or letters of guardianship.

"2. The jurisdiction of the court of common pleas over the subject of the custody of children in divorce cases is a continuing jurisdiction: and may, on proper application, be invoked to modify orders originally made in respect to the custody of children whenever the character and circumstances of the case or of the parties require it."

The law is well settled that once a Common Pleas Court has made an order affecting custody of children, that said order is continuing and that said Court retains jurisdiction. Citing **Van Divort v. Van Divort, 100 Oh Ap 500**, and **Stafford v. Stafford, 78 Abs 581**.

As to the jurisdiction of the Juvenile Court, the case of **In Re: Torok: 161 Oh St 585**, states:

"1. Under the provisions of §1639-16 GC (§2151.23 R. C.), the Juvenile Court is invested with original jurisdiction to determine the custody of any child not a ward of another court.

"2. In order to determine such right of custody, it is not necessary for the court to find first that such child is delinquent, neglected, dependent, crippled, or otherwise physically handicapped. (The syllabus in the case of **Paddock v. Ripley, 149 Oh St 539**, limited and distinguished.)"

There is a later case which decides the right of the probate court to interfere with the continuing jurisdiction of a Common Pleas Court over the custody of minor children, which is found in **In Re: Adoption**

of **Biddle, 168 Oh St 209.** In that case, the Common Pleas Court in granting a divorce decree, awarded custody of an infant child of the parties to the mother. Later, an Adoption Petition was filed by the grandparents, seeking adoption of the infant child of the divorced parents, and the question arose as to whether or not, since the Common Pleas Court had continuing jurisdiction, a Probate Court could, without the consent or permission of the Common Pleas Court, proceed to hear and grant the adoption. And the Court in the following syllabi, sets forth the present law governing jurisdiction:

"1. Jurisdiction over adoption proceedings is vested exclusively in the Probate Court by the provisions of §3107.02 **R. C.**

"2.' A Probate Court has jurisdiction to hear and determine an adoption proceeding relating to a minor child notwithstanding the fact that the custody of such child is at the time within the continuing jurisdiction of a divorce court.

"3. A final decree of adoption results, under the provisions of §3107.13 **R. C.,** in terminating the child and parent relationship between the child and its natural parents and creating an entirely new child and parent relationship between the child and its adoptive parents.

"7. Within the meaning of §3107.09 (c) **R. C.,** a child is 'legally placed in the home of the petitioners,' when such child was brought there voluntarily by the parent immediately after birth and so maintained there after such parent was subsequently awarded legal custody in a divorce action, and under such circumstances the Probate Court is the 'proper Court' to determine whether the placement was 'beneficial to the child.' "

In the above cited Biddle case, the case of Hoffman v. Hoffman was also cited, wherein the Court mentions that "a divorce court has continuing jurisdiction of a minor child over which it has acquired jurisdiction in a divorce action," and also cites **Adams, Judge v. State ex rel., 104 Oh St 475,** wherein it was held in effect that a Probate Court lacks jurisdiction to enter a guardianship order with respect to a minor child whose custody is within the jurisdiction of a divorce court.

It is the opinion of this Court that since the Juvenile Court has entertained jurisdiction of Edwin Glenn Brinegar, a minor, and has by decree, placed the permanent custody of said minor, with the Welfare Department of Butler County, Ohio, and that said Juvenile Court has original and continuing jurisdiction, that this Probate Court is without jurisdiction and authority to grant Letters of Guardianship in this cause.

This Application being primarily one to secure Letters of Guardianship of the person of Edwin Glenn Brinegar, a minor age twelve, and it being understood between the Applicant and the Court that said minor has no estate, that this Court denies Letters of Guardianship of the estate, as a matter of law.

The Court is of the opinion that said Motion is well taken and does hereby sustain same.

An entry may be drawn according to the opinion expressed herein.